## PUBLIC SERVICE COORDINATED TRANSPORT
v.
## CITY OF PHILADELPHIA et al., Appellants.
### No. 12538.

United States Court of Appeals Third Circuit.

Argued May 15, 1958.

Decided July 22, 1958.

Rehearing Denied Sept. 2, 1958.

---

David Berger, Philadelphia, Pa. (William D. Valente, Asst. City Sol., Jacob J. Siegal, Asst. to the City Sol., Harold E. Kohn, Special Transit Counsel, Philadelphia, Pa., on the brief), for appellants.

Owen B. Rhoads, Philadelphia, Pa. (F. Hastings Griffin, Jr., Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, KALODNER and STALEY, Circuit Judges.

MARIS, Circuit Judge.

By Section 14 of the Act of July 16, 1935,[1] section 723 of the Pennsylvania Motor Vehicle Code was amended so as to extend the power of cities to levy fees or taxes upon motor buses to those buses transporting passengers for hire "from points within such city to its suburbs which are within a radius of ten miles."

By the Ordinance of July 2, 1915, and its subsequent reenactments, the City of Philadelphia had imposed an annual license fee of $50 upon motor buses using the streets of the city, and that fee had been levied upon buses operated between Philadelphia and points in New Jersey.

On June 26, 1936 the plaintiff in this case, Public Service Coordinated Transport, an operator of buses between the City of Philadelphia and the City of Camden and other points in the State of New Jersey, filed the present suit in the District Court for the Eastern District of Pennsylvania for an injunction to restrain the defendant, the City of Philadelphia, from collecting the license fee of $50 with respect to the plaintiff's buses. An answer was filed by the defendant, a trial was held, and the district court on March 21, 1938 rendered its opinion concluding that the words "its suburbs" contained in the amending Act of July 16, 1935, in the case of the City of Philadelphia could not be construed to include the City of Camden and towns in New Jersey adjacent to Philadelphia. The court took the view that the Pennsylvania Legislature in using the words "its suburbs" did not intend to include an adjacent city lying in another state and on the other side of a navigable river. A final decree granting the injunction sought was accordingly entered on April 26, 1938.

The situation thus remained for 19 years. The Legislature did not broaden the Motor Vehicle Code in this respect and the defendant refrained, pursuant to the injunction, from collecting license fees from the plaintiff with respect to its buses. Then on May 29, 1957 the defendant filed in the district court a motion for relief from the 1938 decree upon the ground that the conditions prevailing when it was entered had changed and that a Pennsylvania Court of Common Pleas had since 1938 interpreted the statute in a manner inconsistent with the interpretation which the district court had placed upon it. After hearing, the district court filed an opinion and order

1. P.L. 1063, 75 P.S.(Pa.) § 332.

denying the motion. From that order this appeal has been taken by the defendant.

The order appealed from must be affirmed. The original decree of the district court was based upon its conclusion that as a matter of law cities and towns in another state are not "suburbs" of a Pennsylvania city within the meaning of that word as used in section 723 of the Motor Vehicle Code, as amended, even though they are adjacent to the Pennsylvania city and separated from it only by a navigable river. The admitted growth of the population and industry of the Delaware Valley on both sides of the river in the area of Philadelphia upon which the defendant relies cannot alter or affect the legal proposition thus established between these parties by the final judgment of the district court.

It may be argued that it was an erroneous construction of the Motor Vehicle Code which the court made, but if so its judgment was not appealed and the Code as thus construed by the court has stood ever since without legislative amendment in this regard. Nor does the decision of the Court of Common Pleas of Fayette County, Pennsylvania, in Panzera v. City of Uniontown, 1951, 80 Pa. Dist. & Co.R. 384, upon which the defendant relies, furnish support for its motion. For that case dealt with the suburbs of the City of Uniontown all of which are within the State of Pennsylvania and it merely held that a "suburb" within the meaning of section 723 of the Motor Vehicle Code did not have to be contiguous to the city if it was within the statutory radius of ten miles. The question with which the 1938 judgment in the present case dealt, namely, whether an adjacent city or town located in another state can legally be regarded as a "suburb" of a Pennsylvania city, within the meaning of the Code, was not involved in the Panzera case and obviously was not ruled by that case.

We need not consider whether the defendant's motion for relief from the judgment of April 26, 1938, was within the discretionary authority to entertain such motions given by Civil Procedure Rule 60(b), 28 U.S.C. For it is perfectly clear that the district court did not abuse its discretion in denying the motion.

The order of the district court will be affirmed.